UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>MAJID MANION, et al.,<br><br>Defendants. | Case No. 21-cv-06224-JST<br><br>**ORDER TO SHOW CAUSE** |

On August 12, 2021, Plaintiff Scott Johnson filed this action against Defendants Majid Manion and Sara Manion, alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act") in relation to the Sara's Kitchen restaurant located in Santa Clara, California. ECF No. 1. Plaintiff seeks injunctive relief under the ADA and the Unruh Act, nominal damages, statutory damages under the Unruh Act, and attorney's fees and costs. *Id.* at 7. Plaintiff contends that this Court has federal question jurisdiction over the ADA claim and supplemental jurisdiction over the Unruh Act and other state law claims. *Id.* ¶¶ 5-6. Defendants' defaults were entered on December 6, 2021. ECF Nos. 18, 19.

Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). District courts have discretion to decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Numerous federal district courts across California have declined to exercise supplemental

jurisdiction over Unruh Act claims brought alongside ADA claims, citing 28 U.S.C. §§ 1367(c)(2) & (c)(4). *See*, *e.g.*, *Estrada v. Fiesta III, LLC*, 2020 WL 883477, at *5 (C.D. Cal. Jan. 9, 2020) (declining to exercise supplemental jurisdiction over the plaintiff's Unruh Act claim because "exceptional circumstances" and "compelling reasons" existed, and stating that the plaintiff may "pursue his Unruh Act claim in state court – the appropriate forum for such claim under these circumstances"); *Langer v. Mobeeus, Inc.*, 2020 WL 641771, at *5 (C.D. Cal. Jan. 2, 2020) (similar); *Langer v. Deddeh*, 2019 WL 4918084, at *2 (S.D. Cal. Oct. 4, 2019) (declining to exercise supplemental jurisdiction because the Unruh Act claim predominated over the ADA claim and the interests of comity and discouraging forum shopping constituted exceptional circumstances); *Theroux v. Oceanside Motel-9*, LP, 2019 WL 4599934, at *2 (S.D. Cal. Sept. 20, 2019) (similar); *Langer v. Petras*, 2019 WL 3459107, at *2 (S.D. Cal. July 31, 2019) (similar); *Spikes v. All Pro Auto Repair, Inc.*, 2019 WL 4039664, at *2 (S.D. Cal. Aug. 26, 2019) (dismissing for these reasons various state law claims including claims for violation of the Unruh Act, California Health and Safety Code Section 19955, negligence per se, and negligence); *Rutherford v. Ara Lebanese Grill*, 2019 WL 1057919, at *5 (S.D. Cal. Mar. 6, 2019) (finding that "it would be improper to allow Plaintiff to use the federal court system as a loophole to evade California's pleading requirements").

This Court recently declined jurisdiction over a plaintiff's Unruh Act claims in circumstances like those presented here. *Arroyo v. Quach, Inc.*, Case No. 21-cv-08778-JST, ECF No. 21 (N.D. Cal. Apr. 12, 2022). The Court noted that California federal courts have recently experienced a large influx of cases involving a federal claim under the ADA for failure to ensure that businesses are accessible to customers with disabilities, accompanied by a state-law claim under the Unruh Act, which provides statutory damages for the same conduct. The Court noted that the Ninth Circuit had tied this increase in filings largely to California's recent decision to impose "additional procedural requirements on construction-related accessibility claims" in order to "balance its objectives of allowing monetary relief, avoiding undue burdens on businesses, and realigning undesirable incentives for plaintiffs." *Arroyo v. Rosas*, 19 F.4th 1202, 1207, 1213 (9th Cir. 2021) (internal quotation marks omitted). The Court continued:

> The comparative ease of filing these cases in federal courts "has created an end-run around California's requirements," because heightened procedural requirements generally do not extend to cases filed in federal courts. *Id.* at 1213 (cleaned up); *see also Castillo-Antonio v. Hernandez*, No. 19-cv-00672-JCS, 2019 WL 2716289 (N.D. Cal. June 28, 2019) ("As district courts within the Ninth Circuit have repeatedly held, state pleading requirements for disability discrimination claims do not apply in federal court because such requirements are procedural in nature and federal courts use federal procedural rules."). This shift "threatens to substantially thwart California's carefully crafted reforms in this area and to deprive the state courts of their critical role in effectuating the policies underlying those reforms." *Arroyo*, 19 F.4th at 1213.

As the Ninth Circuit recognized, this situation presents "extraordinary circumstances" within the meaning of § 1367(c)(4). *Id.* at 1214. The Court in *Quach* found the same "extraordinary circumstances," and then determined, after considering economy, convenience, fairness, and comity, that there were compelling reasons to decline supplemental jurisdiction.

This case presents the same considerations that were present in *Quach* and numerous similar cases in other California federal courts. Accordingly, the Court now ORDERS Plaintiff to show cause as to why the Court should not decline to exercise supplemental jurisdiction over the Unruh Act claim in the complaint in this case. Plaintiff shall file a response to this order to show cause within 21 days of this order. In the response, Plaintiff shall identify the amount of statutory damages sought in this action. Plaintiff and Plaintiff's counsel shall also include declarations in their responses which provide all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" under California Civil Procedure Code §§ 425.55(b)(1) & (2). Failure to file a written response will result in dismissal of the complaint.

**IT IS SO ORDERED.**

Dated: April 22, 2022



JON S. TIGAR
United States District Judge